WENTWORTH, Judge,
dissenting in part.
I agree only with reversal of the wage loss award, based on the 61-year old claimant’s recited testimony of work search limited to his union.[1] The majority errs, however, in reversing the deputy’s determination that “claimant suffers from a tear of the right meniscus” as a result of his com-pensable knee injury. Testimony as to that permanent physical condition[2] was not negated by the physician’s removal of functional restrictions based on work history after claimant’s lawful rejection of surgery. The sequence of testimony was:
Q. When did you last see the man?
A. I saw him the 21st of April, 1984.
Q. What was your diagnosis at that time?
A. Well, my final statement said it was my impression that the meniscual problem ... has resolved to the point where it’s tolerable for him to live with, and he can be maintained on a regular work status.
[[Image here]]
Q. Now, absent surgery, do you feel the man had reached maximum medical improvement as of ... 10/1/82?
A. Yes.
[[Image here]]
Q. What would be the extent, based upon your knowledge and experience in the field of orthopedics, what would be the nature and extent of his permanent physical impairment as a result of the diagnosed condition of a meniscus tear?
A. I’d give him a ten percent on permanent partial residual disability of his right knee — of the body as a whole, given that he is a bricklayer/mason.
[[Image here]]
CROSS EXAMINATION:
[[Image here]]
Q. So as of May of ’84, then, you placed no work restrictions on him, is that correct?
A. Yes, ... He did show an improvement. I mean, based on the X-ray findings of no further deterioration on his clinical examination that he had and his history that he had been back working full time as a stonemason and that ... he had a range of motion of almost normal,
[[Image here]]
*87 Q. So with the improvement that he had shown, he no longer had a restriction or an impairment?
A. That’s correct. (e.s.)
The deputy correctly viewed this testimony as showing the physician’s consistent diagnosis of a permanent physical impairment on a clinical basis, i.e., a meniscal tear not surgically repaired, which condition was not, on last examination, causing functional impairment sufficient to restrict “regular work status.” The witness was, of course, testifying from the point of view of medical expertise and terminology, which views permanent impairment either clinically or functionally. “Functional” pertains to “an activity rather than a structure.” 1 Schmidt’s Attorney’s Dictionary of Medicine F-60 (1984). “Clinical” pertains to “the signs and the course of a disease [condition] as observed by the physician.” Schmidt, C-161.
The record, in addition, amply supports the deputy’s factual findings as to claimant’s work history and functional limitations contrary to those assumed in the medical testimony above:
[O]n December 14,1983, ... the claimant was steadily employed, although in a light duty capacity, with Continental Tile and Marble Company. I find that subsequent thereto the claimant continued working in this capacity as a job foreman, which required little or no physical activity, until April 3, 1984, when the job ended, along with the claimant’s light duty status. I find that he was then terminated because of his physical inability to perform the new tasks assigned him; and although this same employer gave the claimant a second chance to try to do the work by rehiring him on July 11, 1984, four days later he was again terminated because of his inabilities to do the job and keep up with the other workmen. ...
I therefore respectfully disagree with this court’s invasion of the deputy’s function in the contextual analysis of medical testimony on permanent physical impairment, thus precluding future wage loss claims,

. R.J. Nicolli Painting Co., Inc. v. Potts, 447 So.2d 371 (Fla. 1st DCA 1984).

. Whether or not the degree of impairment was correctly rated, with reference to orthopedic rather than AMA standards, would provide no basis for reversal under prior decisions. Trindade v. Abbey Road Beef ‘N Booze, 443 So.2d 1007 (Fla. 1st DCA 1983).